UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. 2:20-CV-00149-WOB-CJS

| | |
|---|---|
| **LIGHTHOUSE TRANSPORTATION SERVICES, LLC**<br>P.O. Box 188067<br>Erlanger, Kentucky 41018,<br><br>and<br><br>**JOE MYERS**<br>c/o Buechner Haffer Meyers & Koenig<br>221 East Fourth Street, Suite 2300<br>Cincinnati, Ohio 45202,<br><br>      Plaintiffs,<br><br>v.<br><br>**US MELON, LLC**<br>c/o Sheehyung Sung<br>9005 147th Road<br>Live Oak, Florida 32060,<br><br>  Serve Also:<br>  US MELON, LLC<br>  1620 West Oakland Blvd., Suite 404<br>  Oakland Park, Florida 33311,<br><br>and<br><br>**SHEEHYUNG SUNG**<br>9005 147th Road<br>Live Oak, Florida 32060,<br><br>and<br><br>**KEN KODISH**<br>9005 147th Road<br>Live Oak, Florida 32060,<br><br>and | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

|  | : |
|---|---|
| **JOHN DOES 1-3,** | : |
|  | : |
| **Defendants.** | : |
|  | : |

# FIRST AMENDED COMPLAINT

Plaintiffs Lighthouse Transportation Services, LLC, ("Lighthouse") and Joe Myers ("Myers"), through counsel, for their First Amended Complaint against Defendants US Melon, LLC, ("US Melon"), Sheehyung Sung ("Sung"), Ken Kodish ("Kodish"), and John Does 1-3 states as follows:

## PARTIES AND JURISDICTION

1. Lighthouse is a Kentucky limited liability company with its principal place of business located in Kenton County, Kentucky. Lighthouse is a freight broker that provides nationwide logistics solutions.

2. Myers is the President of Lighthouse, conducts business in Kenton County, Kentucky, and engaged in the transaction/occurrence herein in Kenton County, Kentucky.

3. Defendant US Melon is a Florida limited liability company with its principal place of business located at 1620 West Oakland Park Boulevard, Suite 404, Oakland Park, Florida 33311.

4. Defendant Sung is an individual who resides in Florida and, at all times relevant, was or is a member and manager of US Melon.

5. Defendant Kodish is an individual who resides in Florida and, at all times relevant, was or is a member of US Melon.

6. John Does 1-3 are individuals involved in OSO Sweet Melons, a business associated with Defendants Sung and Kodish, that directly, together with Defendants Sung and Kodish, have colluded and conspired in such as manner as to give rise to the allegations that comprise Count Six of the Amended Complaint.

7. At all times relevant herein, Defendants established or maintained a business relationship with Plaintiffs in this judicial district, thereby subjecting itself to the jurisdiction of this Court.

8. This Court has personal jurisdiction over all parties due to the injury caused by Defendants upon Plaintiffs.

9. All parties have agreed and stipulate to this Court having Jurisdiction over the claims contained within the Amended Complaint.

## STATEMENT OF FACTS

10. On or about April 16, 2019, Lighthouse and US Melon entered into a "Subscription Agreement." A copy of the Subscription Agreement is attached hereto as Plaintiffs' Exhibit A.

11. The Subscription Agreement provides that Lighthouse would purchase 10 membership units in US Melon in exchange for Lighthouse providing (i) $125,000 USD, (ii) a line of credit to US Melon for $300,000.00 for general business purposes, and (iii) a line of credit to US Melon for $500,000 for transportation business (a transaction generally referred to herein as "the Offering").

12. Pursuant to the terms of the Subscription Agreement, Lighthouse furnished US Melon with the $125,000 and lines of credit, and Lighthouse received 10 membership units in US Melon.

13. The Subscription Agreement, under Article III, Section (a), states "The Company has virtually no financial or operating history."

14. Additionally, under Article III, the Subscription Agreement states that the Offering was neither registered under the Securities Act of 1933 (the "Act") or with the State of Florida, as the Offering involved securities covered by Regulation D, Rule 506 specifically.

15. The Offering was likewise not registered with the Commonwealth of Kentucky.

16. Upon information and belief (including an exhaustive search of EDGAR and each state's securities registrations), neither a Form D, nor any type of notice filing has been filed relating to the Offering.

17. All or substantially all communications relevant to the Offering made to Lighthouse were made by either Sung or Kodish, and Sung and Kodish were the points of contact for US Melon attempting to procure investment for US Melon from Lighthouse and others.

18. No "Accredited Investor Questionnaire" was requested by US Melon, Sung, or Kodish. There was no inquiry into whether Lighthouse and its Members qualified as an "accredited investor" (as defined by Rule 501, Regulation D of the Act).

19. Upon demand for financials, Lighthouse was supplied with a simple business plan, a pro forma revenue and expense model titled "Model Assumptions," and an unaudited balance sheet (the "Offering Documents" attached hereto as Plaintiffs' Exhibit B).

20. Upon information and belief, the documents prepared for the Offering to Lighthouse were created by either Sung or Kodish or the two of them working cooperatively.

21. There were no risk factors or material disclosures made to Lighthouse whatsoever about the speculative nature of the Offering provided in the Offering Documentation.

22. There were no material disclosures made about the speculative nature of agricultural investments provided in the Offering Documentation.

23. There were no material disclosures about the existence of any claims, liabilities, or potential risks under the Perishable Agricultural Commodities Act ("PACA") or the possibility that the monies provided might be subject to a PACA claim or PACA trust at some time in the future in the Offering Documents.

24. The balance sheet included with the Offering Documents stated total liabilities of $20,617.52 as of April 9, 2019.

25. As of April 9, 2019, US Melon had in excess of $300,000 in concealed or undisclosed debts (including undocumented loans that Sung represented were not attributable to US Melon).

26. Upon an inquiry by Lighthouse as to the location or use of funds contributed by other Members of US Melon, Sung and Kodish represented that the other Members had personally guaranteed debts that would not be attributable to US Melon or Lighthouse's investment or status as creditor. That representation was false, Sung and Kodish knew it was false, and Sung and Kodish made these material representations with the intent that it would induce Lighthouse to invest in US Melon.

27. Lighthouse reasonably relied upon the false and material misrepresentations of Sung, Kodish, and US Melon including: (i) the concealment of hundreds of thousands of dollars in undocumented debts, (ii) the misrepresentations about the use of other Members' capital contributions, (iii) the many misrepresentations contained in the Offering Documents (including the concealment of hundreds of thousands of dollars of debt from the balance sheet), and (iv) the misrepresentation that US Melon had no financial or operating history.

28. In reasonable reliance upon those intentional misrepresentations, Lighthouse signed the Subscription Agreement and participated in the Offering, investing $125,000 in cash and contributing $800,000 in credit for 10% of a Company that was effectively insolvent and in financial distress as of April 16, 2019.

29. On or about July 16, 2020, the Members of US Melon signed a Second Amended and Restated Operating Agreement for US Melon, LLC. A copy of the Operating Agreement is attached hereto as Plaintiffs' Exhibit C.

30. The Second Amended Operating Agreement named Joseph Myers, President of Lighthouse Transportation Services and Sheehyung Sung as the two Managers of US Melon. *See* Plaintiffs' Exhibit B at ¶ 7.1.

31. Since that time, Myers has learned that Defendants Sung and Kodish repeatedly and persistently made material misrepresentations and purveyed falsehoods regarding the finances and operations of US Melon to their alleged business partners, including Plaintiffs.

32. As a result, Lighthouse began withdrawing financial support, including cash paid in and credit, to avoid further losses due to Sung's and Kodish's abuse and misuse of US Melon.

33. Since August 2020, Sung, Kodish, and others at their direction, request, or behest, including John Does 1-3, have engaged in a pattern of intimidation, threats, and further misrepresentations directed toward Plaintiffs in an attempt to coerce and, at times, extort money, credit, or both from Plaintiffs to support their on-going fraudulent venture.

34. The actions of Defendants have included threats to pursue spurious and baseless criminal actions in Florida and Georgia against Plaintiff Myers.

## COUNT ONE – FRAUD BY OMISSION/MISREPRESENTATION
### (Against US Melon, Sung, and Kodish)

35. Plaintiffs incorporate by reference the previous paragraphs as if fully restated herein.

36. The Subscription Agreement entered into between Lighthouse and US Melon provided that US Melon "has virtually no financial or operating history." *See* Plaintiffs' Exhibit A at Article III(a).

37. However, US Melon, Sung, and Kodish concealed and misrepresented material facts regarding several monetary advancements made to or on behalf of MSM Groves, Inc. prior to Lighthouse entering into the Subscription Agreement. *See* Plaintiffs' Exhibit D.

38. In total, US Melon authorized and provided monetary advancements to MSM Groves, Inc. totaling $333,322.06. *See* Plaintiffs' Exhibit D.

39. These monetary advancements made by US Melon to MSM Groves were made without a written agreement in place between US Melon and MSM Groves.

40. When asked, Sung and/or Kodish represented that the Members of US Melon had personally taken on debts that would not be enforceable against US Melon or Lighthouse's investment therein. That representation was false.

41. US Melon, Sung, and Kodish, in representing to Lighthouse that US Melon had virtually no financial or operating history, knew these representations were false, yet Defendants made these representations with reckless disregard for the truth of the representation.

42. US Melon, Sung, and Kodish's misrepresentations relating to US Melon's financial or operating history was made with the intent to induce Lighthouse into entering into the Subscription Agreement and contributing capital to US Melon.

43. Lighthouse reasonably and materially relied on these fraudulent misrepresentations by US Melon, Sung, and Kodish in deciding whether to enter into the Subscription Agreement and contribute capital.

44. Shortly after entering into the Subscription Agreement with US Melon, Lighthouse learned of the significant monetary advancements made to MSM Groves from US Melon.

45. However, it was never disclosed until a much later date to Lighthouse by US Melon that these monetary advancements to MSM Groves were made without a written contract in place between US Melon and MSM Groves.

46. When MSM Groves abruptly terminated the agreement with US Melon, US Melon was left with little or no recourse due to the lack of a written contract between MSM Groves and US Melon.

47. As a direct and proximate cause of US Melon, Sung, and Kodish's fraudulent misrepresentations, Lighthouse has suffered significant financial injury and is entitled to damages in excess of the jurisdictional minimum of this Court.

48. US Melon, Sung, and Kodish acted fraudulently, purposefully, and with malice with the specific intention of defrauding Lighthouse as to the actual value of ten membership units in US Melon and procuring Lighthouse's investment of capital therein, justifying an award of punitive damages against US Melon, Sung, and Kodish and Plaintiffs' attorneys' fees.

## COUNT TWO – FRADULENT INDUCEMENT
### (Against US Melon, Sung, and Kodish)

49. Plaintiffs incorporate by reference the previous paragraphs as if fully restated herein.

50. In materially relying on US Melon, Sung, and Kodish's fraudulent omissions and misrepresentations with respect to US Melon's financial or operating history, Lighthouse was fraudulently induced into entering into a Subscription Agreement with US Melon and investing capital therein.

51. Specifically, Lighthouse was fraudulently induced to purchase an artificially inflated and overvalued ten membership units of US Melon and to extend credit in support thereof based on the fraudulently misrepresented financial and operating history of US Melon, Sung, and Kodish.

52. As a direct and proximate result of US Melon, Sung, and Kodish's fraudulent misrepresentations regarding Defendants' financial and operating histories, Lighthouse has suffered significant financial injury due to the fraudulent inducement of US Melon to enter into the Subscription Agreement and procuring Lighthouse's investment of capital therein, and Lighthouse is entitled to damages in excess of the jurisdictional minimum of this Court.

53. US Melon, Sung, and Kodish acted fraudulently, purposefully, and with malice with the specific intention of defrauding Lighthouse as to the actual value of the ten membership units in US Melon and procuring Lighthouse's investment of capital therein, justifying an award of punitive damages against US Melon, Sung, and Kodish and Plaintiffs' attorneys' fees.

**COUNT THREE – BREACH/VIOLATION OF KENTUCKY BLUE SKY LAWS**
**(Against US Melon, Sung, and Kodish)**

54. Plaintiffs incorporate by reference the previous paragraphs as if fully restated herein.

55. US Melon did not register the Offering with the SEC, nor the Commonwealth of Kentucky.

56. The Offering was not a covered transaction under Rule 506 of Regulation D of the Act.

57. There was no good faith attempt to seek exemption under Rule 506 of Regulation D of the Act, including no attempt to file a required "Form D," no filing for approval or registration in the Commonwealth of Kentucky, no attempt to provide sufficient financial documentation to investors, nor any attempt to verify if Lighthouse was an accredited investor.

58. Without an appropriate exemption KRS Chapter 292, *et seq* (the "Kentucky Blue Sky Laws") apply.

59. In connection with the Offering, US Melon, Sung, and Kodish employed a scheme to defraud Lighthouse into investing in US Melon based on false, fraudulent, and untrue misrepresentations of fact.

60. In connection with the Offering, US Melon, Sung, and Kodish employed a scheme to defraud Lighthouse into investing in and extending credit to US Melon.

61. In connection with the Offering, US Melon, Sung, and Kodish affirmatively made a number of untrue statements of material facts, including but not limited to the specific misrepresentations made with regard to the existence of and potential liability for debts owed as of April 9, 2019 and April 16, 2019, in an effort to induce Lighthouse to invest in and extend credit for the benefit of US Melon.

62. The misrepresentations made by Sung and Kodish were material to a reasonable person's decision to invest in US Melon.

63. The misrepresentations of Sung and Kodish were made with an intent to mislead Lighthouse and induce Lighthouse to rely upon them.

64. Lighthouse did, in fact, rely upon these misrepresentations.

65. Any reasonable person would rely upon these misrepresentations.

66. As a result of its reasonable reliance, Lighthouse was damaged in an amount in excess of $25,000, the full extent of which is to be determined at trial, punitive damages, and statutory damages pursuant to the Kentucky Blue Sky laws.  Further, Lighthouse is entitled to its attorneys' fees and rescission of the Subscription Agreement, as well as Lighthouse and Myers' obligations arising from the Second Restated and Amended Operating Agreement.

### COUNT FOUR – VIOLATION OF SEC RULE 10B-5
### (Against US Melon, Sung, and Kodish)

67. Plaintiffs incorporate by reference the previous paragraphs as if fully restated herein.

68. The Subscription Agreement and the Offering involved the sale of a security, being the LLC Unit interests in US Melon.

69. The Offering was not registered as required by the Act and no disclosures relevant to the risk factors or speculative nature of the Offering were provided to Lighthouse.

70. US Melon, Sung, and Kodish made affirmative misrepresentations in connection with the Offering including, but not limited to: (i) the concealment of hundreds of thousands of dollars in undocumented debts, (ii) the misrepresentations about the use of other Members' capital contributions, (iii) several misrepresentations contained in the Offering Documents (including the concealment of hundreds of thousands of dollars of debt from the balance sheet), and (iv) the misrepresentation that US Melon had no financial or operating history.

71. Additionally, there were many unfounded claims in the Offering Documents projecting returns that are materially and grossly inaccurate.

72. Those misrepresentations were made with the intent to manipulate and deceive Lighthouse into investing in and extending credit for the benefit of US Melon.

73. Those misrepresentations were material to any reasonable person's decision to participate in the Offering and invest in US Melon.

74. Those misrepresentations were, in fact, relied upon by Lighthouse in good faith.

75. Lighthouse's reliance on those misrepresentations has caused Lighthouse to lose the entirety of its investment (as well as the economic value of the money had they not been defrauded) believed to be in excess of $275,000.

76. If Lighthouse knew about the unreasonable debts and risky operating history of US Melon which Defendants were obligated to disclose to an investor like Plaintiff, it would have not participated in the Offering.

77. If any reasonable person knew about the unreasonable debts and risky operating history of US Melon, that person or entity would not participate in the Offering for US Melon's LLC Units.

78. Lighthouse is entitled to not only the full value of the securities and any and all associated economic loss attributable to the money converted, but also additional (per occurrence) statutory damages, punitive damages, attorneys fees, and a rescission of the Subscription Agreement and the Second Amended and Restated Operating Agreement.

## COUNT FIVE - BREACH OF FIDUCIARY DUTY
### (Against Sung and Kodish)

79. Plaintiffs incorporate by reference the previous paragraphs as if fully restated herein.

80. Sheehyung Sung, in his position as co-manager of US Melon, per the terms of the Second Amended Operating Agreement, was an agent, employee, and fiduciary of US Melon.

81. Ken Kodish, in his position as member of US Melon and through his solicitation and promotion of investment by Lighthouse, acted as an agent, employee, and fiduciary of US Melon.

82. If Lighthouse is found to be a member of US Melon, despite the claims asserted above, as agents, employees, members, and fiduciaries of US Melon, Sung and Kodish owed fiduciary duties of care and loyalty to the other Members of US Melon and to US Melon.

83. Sung breached those fiduciary duties by directing US Melon and its members to stop issuing payments to creditors and farmers other than to one particular creditor with whom Sung had a personal guarantee.

84. Sung's actions caused US Melon and, consequentially, Lighthouse to suffer monetary damages.

85. At the time of Sung's directive to stop issuing payments to creditors and farmers, it was foreseeable that US Melon and Lighthouse would suffer consequential damages through the commencement of lawsuits of produce suppliers and other creditors for non-payment, damaging the financial condition of the company and its Members.

86. Kodish breached those fiduciary duties to US Melon and its members by failing to disclose material obligations and losses of US Melon and by failing to exercise reasonable business judgment in the course and scope of his duties with US Melon.

87. Sung and Kodish jointly breach their fiduciary duties by cooperating to provide with documents one certain creditor to extort and illegally pursue Lighthouse and Joe Myers,

personally, to pay money it/he does not owe to a creditor through improper representation of state criminal laws.

88. As a direct and proximate result of Sung's and Kodish's breach of fiduciary duties to US Melon and its other members, Plaintiffs have suffered significant financial damages and are entitled to both compensatory and consequential damages.

## **COUNT SIX- RICO/CIVIL CONSIPRACY**
**(Against Sung and Kodish)**

89. Plaintiffs incorporate by reference the previous paragraphs as if fully restated herein.

90. On or about October 14, 2020, Joe Myers, President of Lighthouse Transportation Services received a phone call from OSO Sweet Farms ("OSO"), a supplier with whom US Melon had conducted business.

91. OSO Sweet Farms supplied approximately $250,000 worth of watermelons to US Melon.

92. US Melon did not pay OSO in full for the watermelons.

93. In calling Myers personally, the representatives of OSO being John Does 1-3 claimed that Myers had provided a personal guarantee that if US Melon could not pay for the watermelons, Lighthouse or Myers would pay the debt owed to OSO.

94. OSO, through John Does 1-3, threatened to have Myers prosecuted under Georgia Code § 16-9-58, which provides that any person who fraudulently intends to purchase produce with no intention of paying the supplier shall be guilty of a criminal felony pursuant to Georgia law, if Myers refused to pay the full balance owed to OSO by US Melon.

95. OSO's allegation that Myers had personally guaranteed US Melon's debt on behalf of Lighthouse was premised on internal, private communications between Myers, Defendant Sung, and Defendant Kodish.

96. These private communications among the ostensible members of US Melon were provided to OSO and John Does 1-3 by Defendant Kodish without Myers' permission and while US Melon was engaged in a dispute with Lighthouse Transportation Services over Defendant Sung's and Kodish's fraudulent and breaching activities described above.

97. Defendants Sung and Kodish conspired and colluded with OSO and John Does 1-3, in order to extort and embezzle money from Lighthouse and Myers, personally, and to their collective benefit.

98. The actions by Defendants Sung, Kodish, John Does 1-3, and OSO directly violated Georgia Code § 16-8-16, which provides that a person commits the offense of theft by extortion by threatening to accuse an individual of a criminal offense in order to unlawfully obtain property from another, namely money from Lighthouse or Myers.

99. Defendants Sung, Kodish, John Does 1-3, and OSO directly engaged, conspired, and colluded together in an attempt to unlawfully collect a debt from Myers by threatening criminal felony prosecution and physical arrest if Myers refused to pay a debt owed by US Melon to OSO.

100. As a direct and proximate result of Defendants' illicit actions, Plaintiffs are entitled to compensatory damages, consequential damages, punitive damages, and attorneys' fees.

## COUNT SEVEN- FRAUDULENT MISREPRESENTATION
### (Against Sung and Kodish)

101. Plaintiffs incorporate by reference the previous paragraphs as if fully restated herein.

102. Defendant Sung and Defendant Kodish fraudulently and intentionally misrepresented to OSO and John Does 1-3 that Myers had personally guaranteed US Melon's debt on behalf of Lighthouse in order to induce OSO to provide $250,000 worth of watermelons to US Melon, despite Defendants Sung and Kodish being aware that US Melon would be unable to pay for the watermelons.

103. As a direct and proximate cause of Sung and Kodish's fraudulent misrepresentations about Lighthouse and Myers' statements and intent, Plaintiffs have suffered significant financial, mental, emotional, and business injury and are entitled to damages in excess of the jurisdictional minimum of this Court.

104. Sung and Kodish acted fraudulently, purposefully, and with malice with the specific intention of defrauding OSO at Plaintiffs' expense, justifying an award of punitive damages against Sung and Kodish and an award of Plaintiffs' attorneys' fees.

**WHEREFORE**, Plaintiff Lighthouse Transportation Services, LLC, and Joe Myers respectfully requests this Court to grant relief as follows:

      i. Judgment in favor of Plaintiffs against the Defendants on all causes of action in this First Amended Complaint;

      ii. Judgment in favor of Plaintiffs against Defendants in excess of $75,000, plus interest from September 2020 through satisfaction of judgment;

iii. Reasonable attorney fees and court costs incurred by Plaintiffs in the litigation of this action;

iv. Punitive damages in favor of Plaintiffs against Defendants due to the malicious and willful acts and commissions of Defendants;

v. Rescission of the Subscription Agreement, the Second Amended and Restated Operating Agreement, and any related obligations excusing Plaintiffs therefrom; and

vi. Any other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**BUECHNER HAFFER MEYERS & KOENIG CO., L.P.A.**

*/s/Christen M. Steimle*
Christen M. Steimle (KBA #94039)
Brett M. Renzenbrink (Pro Hac Vice # to be sought)
Brian R. Redden (Pro Hac Vice # to be sought)
BUECHNER HAFFER MEYERS & KOENIG CO., LPA
221 E. Fourth Street, Suite 2300
Cincinnati, Ohio 45202-4125
Phone: (513) 579-1500
Fax: (513) 977-4361
Email: csteimle@bhmklaw.com
Email: brenzenbrink@bhmklaw.com
Email: bredden@bhmklaw.com
*Attorney for Plaintiffs Lighthouse Transportation Services, LLC and Joe Myers*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Amended Complaint was served via the Court's CM/ECF service to all counsel of record this 22nd day of October, 2020.

/s/Christen M. Steimle
Christen M. Steimle (0086592)

1454266